

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# USA v. Mortimer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Mortimer" (2007). *2007 Decisions*. Paper 115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2142
_____

UNITED STATES OF AMERICA

v.

THOMAS MORTIMER, III,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00186)
District Judge: Honorable Alan N. Bloch

_____

Submitted under Third Circuit LAR 34.1(a)
November 2, 2007
Before: MCKEE, SMITH and CHAGARES, Circuit Judges

(Filed: December 7, 2007)
_____

OPINION
_____

PER CURIAM

Appellant, Thomas Mortimer, III, proceeding pro se, appeals from the District

Court's order denying his "motion for correction of sentence computation." For the

reasons that follow, we will affirm.

In March 2003, the Federal Bureau of Investigations discovered that Mortimer had defrauded his employer of over $250,000.00. On October 12, 2005, Mortimer pleaded guilty to conspiring to defraud the United States in violation of 18 U.S.C. § 371. On January 10, 2006, the District Court sentenced Mortimer to 30 months of imprisonment, three years of supervised release, and restitution in the amount of $228,458.99. Mortimer did not file a direct appeal.

Approximately one year later, on January 22, 2007, Mortimer filed a pro se "motion for correction of sentence computation pursuant to Federal Rule of Civil Procedure 60(b)(1)." In his motion, Mortimer alleged that his sentence violated the Ex Post Facto Clause of the United States Constitution because it was calculated according to the United States Sentencing Guidelines Manual in effect at the time of sentencing rather than the edition in effect at the time of his offense, which, according to Mortimer, recommended a lesser sentence. On April 3, 2007, the District Court dismissed Mortimer's motion on the ground that Federal Rule of Civil Procedure 60(b) does not provide a basis for the court to grant relief in a criminal case. The court explained that although it could choose to construe the motion as one pursuant to 28 U.S.C. § 2255, Mortimer would not be entitled to relief regardless of how the motion were construed.[1]

---

[1] As part of its April 3, 2007 dismissal order, the District Court also denied Mortimer's "Motion for Default Judgment Pursuant to Rule 7." However, because Mortimer did not address the court's denial of this motion in his appellate brief, we will not review this ruling. For the same reason, we will not review the District Court's denial on April 10, 2007, of Mortimer's motion for reconsideration.

We will affirm. The District Court did not err in denying Mortimer's Rule 60(b) motion. As the court explained, Rule 60(b) of the Federal Rules of Civil Procedure is not the proper vehicle for Mortimer to challenge his sentence, as that rule applies to civil, not criminal, cases. <u>See</u> Fed. R. Civ. P. 60(b). Moreover, we see no error in the court declining to construe Mortimer's motion as a motion to correct his sentence pursuant to 28 U.S.C. § 2255.

In light of our disposition, Mortimer's motion to expedite this appeal is denied as moot.